WILLIAM E. MUTH, Respondent, v. ST. LOUIS TRUST COMPANY, Appellant.

St. Louis Court of Appeals, April 23, 1901.

1. **Banks and Banking**: TRUST COMPANY, DEFINITION OF. Trust companies have not all the capacities of banks of discount and deposit, or ordinary banking institutions.

2. ———: ———: DEBTOR: CREDITOR. For banks are especially authorized to create the relation of debtor and creditor by the acceptance of money for the account of their depositors.

3. ———: ———: ———: ———. And trust companies under similar circumstances are held to be only trustees for the benefit of their depositors.

4. ———: ———: ———: ———: INTEREST. Trust companies must pay interest on a deposit to the credit of another in order to

Muth v. St. Louis Trust Co.

acquire the right to receive the same and pay it out on checks and drafts of the depositor.

5. ———: ———: ———: FUNCTIONS OF TRUST COMPANIES. And there is no legal obstacle to the exercise by trust companies of all the functions of ordinary banks as to receiving and paying out deposits of money, provided a rate of interest, however small, is allowed upon the sums so received.

6. ———: ———: ———: ———. In the case at bar, the record shows conclusively that the defendant trust company has fully entered upon a field of banking enterprise; that it keeps the account of its depositors and pays checks against them as fully as if it had been organized for that purpose.

7. ———: ———: ———. And the trust company is not in a position to plead incapacity to certify checks on the ground it was not chartered as a bank.

8. ———: ———: ———: CERTIFICATION OF A CHECK: BILL OF EXCHANGE. The certification of a check is simply analogous to the acceptance of a bill of exchange, and that may be done by any person, natural or artificial, upon whom it is drawn.

9. ———: ———: AGENCY OF TELLER IN TRUST COMPANY. In the case at bar, the agency of the paying teller for the defendant trust company in certifying to the check of the depositor, could be well rested upon custom and acquiescence by defendant, in a course of dealing on its behalf.

10. ———: ———: ———: MEANING OF "GOOD" CERTIFIED TO A CHECK: LACHES. A bank certifying a check "good," creates a simple and unconditional obligation on its part to pay the same to the holder on demand, and demand may be made by him at any time which may suit his convenience, and no laches are imputable to him by reason of delay.

Appeal from St. Louis County Circuit Court.—*Hon. Rudolph Hirzel,* Judge.

AFFIRMED AND REMANDED.

STATEMENT OF THE CASE.

William E. Muth presented a check in his favor for nine-

teen hundred and fifty dollars, drawn by E. G. Muth & Company, dated the fourteenth of January, 1897, to the paying teller of the defendant trust company, and requested New York exchange for the amount of said check; in lieu of which the paying teller wrote on the face of the check, to-wit: "Good, St. Louis Trust Company, by F. P. Jones, Tell." At the time this was done, the defendant held on deposit to the credit of the drawer of said check, funds sufficient to pay the same. The teller then returned the check to plaintiff, who testified that he kept it for a short time and then handed it to his wife with instructions to deposit it to his credit; that some time thereafter he made a check upon his depository for two hundred dollars, and asked his wife to go down and bring him the money; that she reported to him that there was not enough on deposit to pay the check; that thinking there must be some mistake since there should have been, according to his judgment over two thousand dollars to his credit with such depository, he looked into the matter and found that his wife had neglected to deposit the nineteen hundred and fifty dollar check certified as above stated, and after search found the same; that thereupon he deposited it with the Union Trust Company and upon ascertaining thereafter that payment had been refused by the defendant (who had omitted to retain the amount of said check out of the funds of the drawer) he took up the check by giving his own for the same amount and caused it to be protested for non-payment, and brought the present action against defendant for the amount thereof and interest and damages.

The answer, among other things, averred that the act of F. P. Jones, as paying teller of the defendant in certifying the check in suit was without authority from the defendant, real or ostensible. In support of the affirmative of this issue, plaintiff, in addition to evidence tending to prove the facts hereinbefore stated, gave evidence of a similar certificate of another

check to him in 1894, and further, that another depositor, C. A. Powers, of the defendant trust company had procured it to certify several of his checks, three of which were identified and introduced in evidence. "One dated November 30, 1894, indorsed upon the face 'Good, St. Louis Trust Company, by L. S. Mitchell, Teller.' Another dated June 10, 1895, was indorsed, 'Good, St. Louis Trust Company, F. P. Jones, Teller.' and another dated August 12, 1895, was indorsed upon the face thereof, 'Good for $52.51, J. Walker, Receiving Teller.' ' All of these checks were paid by the St. Louis Trust Company." In speaking of defendant's method of doing business when he would ask for the certification of the checks, this witness further testified; that when he went to the defendant at one time for the purpose of getting New York exchange, he was told that the trust company did not issue New York exchange, but that he could get a certified check, which was then given to him, and that this transaction was had with one of the paying tellers of the defendant; that as to the other two transactions, he simply asked for certified checks and received them, and that all of his transactions of this sort were had with the paying teller of the defendant, for the time being. Plaintiff also adduced evidence that F. P. Jones was the paying teller of the defendant at the time he certified the check which is the subject of this action; that the business of the defendant in receiving and paying out deposits and making the clearances was analogous to that conducted by banks of deposit; that the general duties of the paying teller were to pay checks as they were presented or came to the defendant's place of business through the clearing house; to see that such checks were good, and that he was the head of this department of the defendant's business; that when he indorsed checks in the manner in which those of Powers and plaintiff were indorsed, he would first look at the account of the drawer and if that was all right, he would put such indorsement

upon the check as an accommodation to the drawee; that the defendant company did not keep what might be termed a "certified account;" that he had made such notations on other checks than those of the plaintiff and the aforesaid witness, but having kept no record of them, could not state the number of instances; that he had received no instructions on this subject from the secretary, treasurer or board of directors of the defendant company.

The learned circuit judge, upon consideration of the foregoing evidence, sustained the objection of defendant to the introduction of the check sued upon in evidence, on the ground that no authority had been shown on the part of the paying teller to certify the same. Whereupon, plaintiff was constrained to an involuntary nonsuit, with leave to move to set it aside. This motion was sustained by the learned successor in office of the former trial judge, and a new trial awarded to plaintiff, from which ruling defendant has appealed.

*Stewart, Cunningham & Eliot* for appellant.

(1) The paying teller of a bank has no authority to certify checks by virtue of his position. *A fortiori,* the clerk or special agent of a trust company has no such power in the absence of express authority. Walker v. Bank, 5 Mo. App. 214; Riley v. Bank, 36 Hun. 513; Commonwealth v. Bank, 133 Mass. 22; Thompson on Corporations, sec. 4832 et seq. (2) A trust company has not, under the laws of Missouri, banking powers in respect of the certification of checks. State ex rel. v. Trust Companies, 144 Mo. 562; State v. Reid, 125 Mo. 43; Dorsey v. Abrams, 85 Penn. 299. (3) The apparent authority of an agent which binds his principal toward third persons is provable only by the evidence of such acts of the principal as amount to a holding out to the public of an appearance of

power in the agent. The acts of the agent do not tend to prove such an apparent authority, unless they were known to the principal and acquiesced in by him. Thompson on Corporations, sec. 4886; Alt v. Glosclose, 61 Mo. App. 409. (4) A few isolated instances in which an agent has exceeded his authority, even where tolerated by the principal, do not as a matter of law, justify the conclusion that the agent has been held out to the public as having the extended authority. Martin v. Mfg. Co., 9 N. H. 51.

*Thos. B. Harlan* for respondent.

(1) Where the bank and not the teller is the party trusted, the bank will be held liable for the acts of the teller. Hyde v. Bank, 48 Mo. App. 434. (2) "The teller of a bank also undoubtedly has an inherent implied power to certify checks, for though a subordinate of the cashier, he is simply an arm with which certain portions of his work are performed; and it has been thought that he is the more proper officer to discharge this particular duty." 2 Daniels on Negotiable Instruments, p. 637, sec. 1610a; Morse on Banking (3 Ed.), p. 673, sec. 413; Tiedeman on Com. Paper, sec. 438; Bank v. Bank, 16 N. Y. 125-130; Clews v. Bank, 114 N. Y. 70. (3) It may be shown that an assistant teller has authority to certify by evidence of a course of dealing between himself, his principal, and the bank customers. Balles on Bank Officers, p. 319; Morse on Banks and Banking, sec. 413; Hill v. National Trust Co., 108 Pa. St. 1.

BOND, J.—Trust companies have not all the capacities of banks of discount and deposit or ordinary banking institutions; for the latter are especially authorized to create the relation of debtor and creditor by the acceptance of money for the

account of their depositors. Trust companies, under similar circumstances, are held to be only trustees for the benefit of their depositors. This technical distinction in the character in which banks and trust companies are accountable for deposits, is held to require the latter to pay interest on a deposit to the credit of another in order to acquire the right to receive the same and pay it out on checks and drafts of the depositor. As the rate of interest thus required is fixed neither by legislation nor the constating articles of trust companies, there seems to be no legal obstacle to the exercise by trust companies of all the functions of ordinary banks as to receiving and paying out deposits of money, provided a rate of interest, however small, is allowed upon the sums so received. State ex rel. v. Lincoln Trust Co., 144 Mo. 562. The present record conclusively shows that the defendant trust company has fully entered upon this particular field of banking enterprise; that it keeps the accounts of its depositors and pays checks against them as freely as if it had been organized for that purpose. We think, therefore, it is not in a position to plead any incapacity to certify checks on the ground that it was not chartered as a bank and, hence, had no right to certify a check for the reason that such an act belongs strictly to the banking business. If defendant sees fit to usurp the privileges of this department of banking business, it must accept the incidents of such action in the creation of responsibility as well as privileges. Moreover, there is no great technicality about the certification of a check; it is simply analogous to the acceptance of a bill of exchange, and that may be done by any person, natural or artificial, upon whom it is drawn. Bank of Springfield v. First Nat'l Bank, 30 Mo. App. loc. cit. 275. We are, therefore, wholly unable to concur in the view, urged by the learned counsel for appellant, that it was powerless to certify a check because it was not incorporated as a bank.

II.   The vital question in this case, is, whether or not the evidence adduced on the trial was susceptible of the legitimate inference that the paying teller, F. P. Jones, in certifying the check in suit, was acting within the scope of the real or apparent authority confided to him as the agent of the defendant?  A full consideration of the evidence leaves no doubt in our minds on this subject.   There was positive proof that such certification had been made some years before on a different check, payable to the plaintiff, which check was used in lieu of foreign exchange and subsequently paid by the defendant.   There was similar evidence with reference to several checks of another customer of the bank, extending over a series of years.   The teller admitted that his habit had been to make such certifications for the benefit of the payees of checks, and that all of such checks so certified by him were subsequently paid and taken up by the defendant.   This evidence furnished a legitimate basis for an inference of actual authority on the part of the paying teller in so acting, and also ostensible authority on his part to any one familiar with such transactions.   That the defendant trust company was acquainted with the acts and doings of its paying teller in this respect seems to be a necessary inference from the payment by it of all the checks so certified by him without objection or remonstrance, as well as its retention of such employee after the knowledge thus acquired of the agency undertaken by him.   Indeed, the agency of the paying teller for the defendant, under the facts in this record, could be well rested upon custom and acquiescence by defendant in a course of dealing on its behalf.

By the certification of the check in favor of plaintiff, the defendant trust company assumed an obligation the same in degree, which a bank would have contracted under a similar state of facts.   Of such an obligation when assumed by a bank, it is said that it thereby "becomes primarily liable to the holder

and remains so liable until discharged by payment, release or the statute of limitations.    Meade v. Merchants Bank, 25 N. Y. 143.    A bank certifying a check 'good,' creates a simple and unconditional obligation on its part to pay the same to the holder on demand, and demand may be made by him at any time which may suit his convenience, and no laches are imputable to him by reason of delay.    Willets v. Bank, 2 Duer. (N. Y.) 121."    Bank of Springfield v. First Nat'l Bank, 30 Mo. App. loc. cit. 275, supra.

Our conclusion is, that the ruling of the trial court in awarding a new trial in this cause was correct.    It is, therefore, affirmed and the cause remanded.    All concur.